IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 2 2007

GREGC... / ... LANGHAM
CLERK

Civil Action No. 07-cv-00041-BNB

BRIAN KARTCHNER,

   Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, DIVISION OF ADULT PAROLE,
JEANEENE MILLER, Community Corrections Director,
JOSEPH ORTIZ, Colorado Department of Corrections,
US ATTORNEY GENERAL ALBERTO GONZALES, United States Department of
   Justice,
SHIRLEY STEINBECK, Arkansas Valley Correctional Facility,
CASE MANAGER MORALES, Arkansas Valley Correctional Facility,
CASE MANAGER ATKINS, Arkansas Valley Correctional Facility,
BARRY PARADUS, Colorado Department of Corrections, Clinical Services,
GARY GOLDER, Colorado Department of Corrections,
JONIE SHOEMAKER, Colorado Department of Corrections,
DENNIS DIAZ, Colorado Department of Corrections, Controler [sic],
DAVID M. WALKER, Government Accountability Office,
GLENN A FINE, Office of the Inspector General,
H. MARSHALL JARRETT, Office of Professional Responsibility,
TAMBOR WILLIAMS, Colorado Department of Regulatory Agencies,
ROSEMARY McCOOL, Colorado Department of Division of Registrations,
STATE OF COLORADO BOARD OF MENTAL HEALTH,
RICHARD M. CARMONA, United States Department of Health and Human Services,
   Surgeon General,
MR. VIGIL, Arkansas Valley Correctional Mental Health Department,
STEVEN HOLMES (JOHN DOE & JANE DOE 1-100), Colorado Department of Parole
   of Montezuma County Western Slope,
NOLAN RENFROE, Colorado Department of Corrections,
LOU ARCHELETTA, Colorado Department of Corrections, Private Prison Liaison, and
HENRY YBARRA, Arkansas Valley Correctional Facility, Metal [sic] Health,

   Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Brian Kartchner is incarcerated at the Colorado Department of Corrections and currently is housed at the Arkansas Valley Correctional Facility in Crowley, Colorado. On January 20, 2007, he filed with the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and to the Americans with Disabilities Act (ADA).

The Court must construe the Complaint liberally because Mr. Kartchner is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although a court must construe a complaint liberally, the court should not "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

In the Complaint, Mr. Kartchner asserts five claims. In Claim One, he alleges that Defendants are violating his Fourteenth Amendment and ADA rights because they continue to deny him placement in the community corrections program due to his mental health disorders. In Claim Two, he alleges that Defendants are violating both his Eighth and Fourteenth Amendment rights because they continue to withdraw monies from his inmate account for payment of restitution, even though the restitution has been paid in full. In Claim Three, Mr. Kartchner asserts that Defendants again are violating both his Eighth and Fourteenth Amendment rights because they are requiring that he participate in an anger management program before he is able to receive four days of earned-time credits each month. In Claim Four, Plaintiff contends that

Defendants also are violating his Eighth Amendment because for twenty months they have denied him visitation with his family. In Claim Five, Plaintiff claims that the grievance procedure at the Arkansas Valley Correctional Facility violates his Eighth and Fourteenth Amendment rights because the procedure is designed to preclude prisoners from exhausting their administrative remedies.

Plaintiff asserts he has exhausted his administrative remedies because he has been told the issues he raises are nongrievable. He requests injunctive relief and money damages.

Claims One through Four as alleged against Defendants Colorado Department of Corrections-Division of Adult Parole, Jeaneene Miller, Joseph Ortiz, Shirley Steinbeck, Case Manager Morales, Case Manager Atkins, Barry Paradus, Gary Golder, Jonie Shoemaker, Dennis Diaz, Tambor Williams, Rosemary McCool, State of Colorado Board of Mental Health, Mr. Vigil, Steven Holmes, and Henry Ybarra will be drawn to a district judge and to a magistrate judge.

As for Defendants Lou Archeletta and Nolan Renfroe, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475

3

U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Mr. Kartchner asserts that because of their supervisory positions Defendants Archeletta and Renfroe are liable for the alleged improper removal of funds from his account. Therefore, Defendants Archeletta and Renfroe will be dismissed as parties to this action for lack of personal participation.

In Claim Five, Mr. Kartchner asserts that prison staff members refuse to allow him to file grievances because they contend that his claims are nongrievable. If an issue is not grievable under the DOC grievance procedure nothing prevents Plaintiff from presenting the claim to this Court for consideration, which is what Plaintiff has done in the instant action. Claim Five, therefore, is legally frivolous and will be dismissed. The named Defendants in Claim Five, including Defendants Alberto Gonzales, Glenn A. Fine and Mike Rule,[1] David M. Walker, H. Marshall Jarrett, and Richard M. Carmona, also will be dismissed from the action. Accordingly, it is

ORDERED that Claim Five is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

---

[1] In the caption of the Complaint Plaintiff names Defendant Glenn A. Fine as an official with Office of the Inspector General, yet in the text of the Complaint he refers to Mike Rule as being associated with the Inspector General's office. Both individuals will be dismissed from the Complaint.

4

FURTHER ORDERED that Defendants Alberto Gonzales, David M. Walker, Glenn A. Fine, Mike Rule, H. Marshall Jarrett, Richard M. Carmona, Nolan Renfroe, and Lou Archeletta are dismissed from the action. It is

FURTHER ORDERED that the Clerk of the Court is directed to remove Defendants Alberto Gonzales, David M. Walker, Glenn A. Fine, H. Marshall Jarrett, Richard M. Carmona, Nolan Renfroe, and Lou Archeletta from the docketing record as parties to the action. It is

FURTHER ORDERED that Claims One through Four as asserted against all remaining Defendants shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 12 day of March, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00041-BNB

Brian Kartchner
Reg. No. 94307
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  3-12-07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk