IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00041-PSF-BNB

BRIAN KARTCHNER,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, DIVISION OF ADULT PAROLE,
JEANEENE MILLER, Community Corrections Director,
JOSEPH ORTIZ, Colorado Department of Corrections,
U.S. ATTORNEY GENERAL ALBERTO GONZALES, United States Department of justice,
SHIRLEY STEINBECK, Arkansas Valley Correctional Facility,
CASE MANAGER MORALES, Arkansas Valley Correctional Facility,
CASE MANAGER ATKINS, Arkansas Valley Correctional Facility,
BARRY PARADUS, Colorado Department of Corrections, Clinical Services,
GARY GOLDER, Colorado Department of Corrections,
JONIE SHOEMAKER, Colorado Department of Corrections,
DENNIS DIAS, Colorado Department of Corrections, Controler [sic],
DAVID M. WALKER, Government Accountability Office,
GLENN A. FINE, Office of the Inspector General,
H. MARSHALL JARRETT, Office of Professional Responsibility,
TAMBOR WILLIAMS, Colorado Department of Regulatory Agencies,
ROSEMARY MCCOOL, Colorado Department of Division of Registrations,
STATE OF COLORADO BOARD OF MENTAL HEALTH,
RICHARD M. CARMONA, United States Department of Health and Human Services, Surgeon General,
MR. VIGIL, Arkansas Valley Correctional Mental Health Department,
STEVEN HOLMES (JOHN DOE & JANE DOE 1-100), Colorado Department of Parole of Montezuma County Western Slope,
NOLAN RENFROE, Colorado Department of Corrections,
LOU ARCHULETTA, Colorado Department of Corrections, Private Prison Liaison, and
HENRY YBARRA, Arkansas Valley Correctional Facility, Metal [sic] Health,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff, who is proceeding *in forma pauperis*, has failed to comply with the Court's orders that he make monthly payments in partial satisfaction of the filing fee or show cause why he cannot make such payments. As a consequence, I respectfully RECOMMEND that this case be DISMISSED WITHOUT PREJUDICE.

The plaintiff is an inmate with the Colorado Department of Corrections at the Arkansas Valley Correctional Facility. By an Order dated February 1, 2007 [Doc. # 7], he was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(2), plaintiff is required to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. This requirement is designed to deter frivolous prisoner litigation. Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997).

In the order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed either to make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this action.

Plaintiff paid an initial partial filing fee of $10.00 on February 26, 2007. Thereafter, he has neither made any monthly payment nor shown cause to excuse his monthly payments. Consequently, on June 18, 2007, I entered an order requiring the plaintiff either to make the required monthly filling fee payments or to show cause why he cannot. *Order to Make Monthly Filing Fee Payment of to Show Cause* [Doc. # 41, entered 6/18/2007] (the "Order to Show Cause"). Specifically, the Order to Show Cause required:

> IT IS ORDERED that plaintiff shall have 15 days from the date of this order [or until July 3, 2007] to make the required monthly payments of 20 percent of each month's income credited to his account for the months of March, April, and May 2007, or to show cause why he cannot make the required monthly payments.
>
> IT IS FURTHER ORDERED that on or before the 15th day of **each** month hereafter plaintiff shall either make the required monthly payment for the preceding month or file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.
>
> IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this action may be dismissed without further notice.

*Order to Show Cause* at p.3.

The plaintiff responded to the Order to Show Cause (the "Response") on June 27, 2007 [Doc. # 47]. In his Response, the plaintiff claimed that he had been provided with "false information" by his case manager that "inmate banking would automatically" make the required monthly payments. *Response* at p. 1. He stated, however, that he "will mail all future payments to the Court. . . . Further Plaintiff will pay the arrears fees to the Court to bring current." Id. The plaintiff attached a copy of his trust fund account statement to the Response, which shows a positive balance of $17.53 as of June 21, 2007. Id. at p.2. He did not make any payment in connection with the Response, however; he did not pay the arrearage, as promised in the Response; and he has made no partial filing fee payment or shown cause for his failure to pay since the initial payment on February 26, 2007.

In Cosby v. Meadors, 351 F.3d 1324 (10th Cir. 2003), the Tenth Circuit Court of Appeals addressed the issue of the failure of a civil rights plaintiff to comply with a district court's orders

3

to make partial payments towards his filing fee or to show cause why he could not do so. In affirming the district court's order dismissing the case, the circuit court began its analysis by noting:

> The issue here is not money per se. . . . The issue, rather, is respect
> for the judicial process and the law. Plaintiff must lose his right to
> pursue his claim in court because of his utter unwillingness to make
> the minor sacrifices required by statute and by the repeated
> directives of a patient district court.
>
>         *   *   *
>
> These fee provisions are intended to reduce frivolous prisoner
> litigation by making all prisoners seeking to bring lawsuits or
> appeals feel the deterrent effect created by liability for filing fees.

Id. at 1326-27 (internal citations and quotations omitted). Although the misconduct reported in the Cosby case was substantially more egregious than the misconduct here, the circuit court noted that its "review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice." Id. at 1334.

  The plaintiff here has failed to comply with the Court's orders of February 1, 2007, and June 18, 2007, requiring that he make monthly filing fee payments or show cause why he cannot. Local rule of practice 41.1, D.C.COLO.LCivR, states:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or
> any court order. If good cause is not shown within the time set in
> the show cause order, a district judge may enter an order of
> dismissal with or without prejudice.

  Before recommending dismissal of a case under Fed. R. Civ. P. 41(b), I must consider and address the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference

with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby, 351 F.3d at 1333.

I find that any prejudice suffered by the defendant as a result of the plaintiff's failure to comply with the Court's orders is minimal and, without more, would be insufficient to warrant dismissal.[1]  See Ehrenhaus, 965 F.2d at 921.

With regard to the second factor, the plaintiff's continued failure to comply with Court orders has caused disruption in my docket.  Rather than attending to the merits of this case and other cases, I have been required to devote attention to this plaintiff's failure to comply with Court orders and §1915(b).  In addition, as noted in the Cosby case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the Court to exercise its case administration authority.  Where, as here, a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, the plaintiff acknowledged in his Response that it is his responsibility to make the required payments and promised to do so, but no such payments have been made.  If the plaintiff is without sufficient funds, he must show cause why he cannot

---

[1] I do note, however, that the purpose behind requiring prisoners to pay their filing fees is to deter frivolous prisoner litigation.  Williams, 116 F.3d at 1127-28.  Defendants, like the courts, are burdened by frivolous civil rights cases.  Thus, civil rights defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

5

pay. In order to show cause, he must file a current certified copy of his trust fund account statement. In this case, however, it is clear from the Response that the plaintiff was able to make a partial filing fee in June, but he failed to do so. The plaintiff alone is responsible for his noncompliance.

The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment or reporting requirements. On February 1, 2007, the plaintiff was allowed to proceed *in forma pauperis*; he was directed to make monthly payments toward his filing fee or show cause why he cannot; and he was warned that failure to comply with the order could result in dismissal of his case without further notice. My Order to Show Cause of June 18, 2007, referred to the February 1 Order. I again directed the plaintiff to make monthly payments or show cause why he could not, and I warned the plaintiff again that failure to comply with the order could result in dismissal of his case without further notice. Despite these repeated warnings, the plaintiff failed to make his monthly payments or show cause why he could not.

Finally, I conclude that no sanction less than dismissal would be effective. The plaintiff is proceeding *in forma pauperis*; consequently a monetary sanction would be ineffective. Because the injury from the plaintiff's failures to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct. Under these circumstances, I am convinced that dismissal of this case without prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause

each month that he has no assets with which to make the monthly payment, all as directed by the Court's orders of February 1 and June 18, 2007.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 22, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge